

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2009

# USA v. Hull

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3736

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Hull" (2009). *2009 Decisions.* Paper 310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3736
_____

UNITED STATES OF AMERICA

v.

DAVID WAYNE HULL
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00096)
District Judge:  The Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2009

BEFORE: SMITH, FISHER, and NYGAARD, Circuit Judges.


(Filed: November 4, 2009)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge

After we vacated one count of conviction, the District Court re-sentenced

Appellant David Wayne Hull to one hundred and thirty months imprisonment. Hull again

appeals, arguing that the District Court erred by failing to give him an opportunity to

review his presentence report. Finding no error, we will affirm the District Court.

## I.

David Wayne Hull is the admitted Imperial Wizard of the Ku Klux Klan. He was

arrested in February of 2003 and eventually indicted and charged with numerous

violations of Federal law pertaining to firearms and explosives. He was found guilty on

seven of ten counts and originally sentenced to one hundred and forty-four months

imprisonment. Appealing this conviction for the first time, we vacated his conviction at

Count Seven and affirmed on all the remaining counts of the indictment. We remanded

the case for re-sentencing. In September of 2007, the District Court reduced Hull's

sentence to one hundred and thirty months imprisonment. Hull appeals once more, this

time raising two points of error in the District Court's new sentence. We find each

argument meritless and will affirm the sentence.

## II.

Hull first argues the District Court erred plainly when it failed to *sua sponte* allow

Hull to review the pre-sentence report prepared in his case before he was re-sentenced.

More accurately, Hull argues that the District Court erred in not permitting him to review

for the second time the presentence report. This was the same, unaltered presentence

report he admitted to reviewing prior to his first sentencing and acknowledged discussing with his lawyer. Additionally, this is the same presentence report Hull failed to object to at his original sentencing proceeding.

Fed.R.Crim.P. 32(c)(3)(A) requires that a district court "verify that the defendant and defendant's counsel have read and discussed the presentence report" prior to sentencing. *United States v. Stevens*, 223 F.3d 239, 241 (3d Cir. 2000). We have never interpreted this Rule as imposing an "absolute requirement" that a district court personally inquire if a defendant has had an opportunity to read the report and discuss it with his or her lawyer. *United States v. Mays*, 798 F.2d 78, 80 (3d Cir. 1986). Even were such an inquiry an absolute requirement, our review of the record satisfies us that Hull and his counsel were fully aware of the information contained in the presentence report, both at his first sentencing hearing and at his second proceeding.

At his first sentencing, Hull was specifically asked by the District Court whether he had read the report and Hull indicated that he had. Hull's counsel also demonstrated familiarity with the presentence report. Hull also was asked by the District Court at his second sentencing hearing whether Hull had reviewed the presentence report. After first denying that he had received it, Hull retracted that statement and indicated that he had indeed reviewed the report. The District Court also correctly noted at the second sentencing hearing that Hull had made numerous objections to the presentence report and that each of the objections had been ruled on. Our opinion vacating one of Hull's counts

of conviction did not affect Hull's prior objections to or the District Court's ruling on the presence report.

Because Hull did not object to the presentence report prior to his sentencing hearing, we may vacate Hull's sentence only if we find plain error that was prejudicial. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). We find no error on this record and affirm the sentence imposed by the District Court.

## III.

Hull's final issue on appeal need not detain us long. Hull attempts to raise an ineffective assistance of counsel claim based on his lawyer's failure to object to the District Court's purported error in not giving Hull an opportunity to review his presentence report. Our jurisprudence is clear that we do not review claims of ineffective assistance of counsel on direct appeal except under very narrow circumstances where there is clear evidence in the record of both deficient performance and prejudice requiring no further factual development. *See United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003); *see also Massaro v. United States*, 538 U.S. (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to determining the adequacy of representation during an entire trial."). We find no extraordinary circumstances that would counsel us to review this claim on direct appeal.

## IV.

In conclusion, for the reasons stated above, we will affirm the sentence, without prejudice to Hull's right to raise the ineffective assistance of counsel claim in collateral proceedings.